LINNEL v. HUDSON.

1. RESULTING TRUST.—The facts here that land was paid for by money of defendant and deed made to plaintiff create resulting trust in favor of defendant.

2. IBID.—PAROL.—AN EXPRESS TRUST cannot be shown by parol, but a resulting trust can be.

3. CONSIDERATION—ATTORNEY IN FACT.—A DEED executed by an attorney in fact under power, if without consideration, may be supported by proof of payment, out of funds of grantee, of purchase price of land upon conveyance to the maker of the power of attorney.

Before BUCHANAN, J., Pickens, July, 1900.    Affirmed.

Five actions by P. E. Linnel against the defendants, Rosaline Hudson, E. J. Evans, B. E. Johnson, Sarah E. Monroe, and M. B. Duncan, individually. The issues were referred to D. P. Verner, special referee, to hear and determine, and he filed the following report:

"The plaintiff, P. E. Linnel, has filed several actions in the county of Pickens to recover from the defendants lands amounting in all to 1,173 acres, situated in the county of Pickens. The cases were consolidated and an order of reference was taken by consent, referring all of said cases to me to hear and determine the same, both law and facts, and by consent all the cases were heard by me May 29, 1900. It is admitted by all parties that Frank Hammond is the common source of title. On the 19th of January, 1881, the said Frank Hammond conveyed the land in dispute to P. E. Linnel for and in consolidation of the sum of $600, mentioned in the said deed. On the 26th of January, 1881, the said P. E. Linnel executed a power of attorney, in which he ap-

pointed W. A. Hudson as his attorney in his name and stead to mortgage, sell and dispose of said real estate, and made the power conferred irrevocable. On the 10th day of April, 1883, W. A. Hudson, as agent of P. E. Linnel, conveyed this tract of land to himself, and on the 7th day of March, 1894, W. A. Hudson conveyed the same to Rosaline Hudson. On the 22d of November, 1898, P. E. Linnel, by his attorney in fact, W. A. Hudson, conveyed said land to the defendant, Rosaline Hudson. The said Rosaline Hudson has at different times sold off portions of this land to the other defendants in the cases. On the 29th day of November, 1898, P. E. Linnel executed what purports to be a revocation of the power of attorney given by him to W. A. Hudson.

"The defendants in the several cases set up two defenses: First. They deny that Linnel owns the land in dispute, but allege that he has no title whatever therein, and that they are the owners in fee-simple thereof. Second. That at the time the deed from Frank Hammond was made, the consideration of the said deed, $600, was the money of the defendant, Rosaline Hudson, and that P. E. Linnel took title thereto under the said deed as her trustee, and that a resulting trust arose in her favor by reason of the fact that her money paid for the land, and asks that such trust be declared. After studying the cases thoroughly, reading the testimony and hearing arguments, I have decided to sustain both of these defenses.

"It is contended by the plaintiff that the legal title is in P. E. Linnel; that the same has not passed out of him by reason of the acts done through the power conferred upon W. A. Hudson, his attorney in fact, under the power of attorney executed January 26, 1881. They insist that the deed made by W. A. Hudson, as agent, to himself, is not a good deed, and that hence his deed to Rosaline Hudson conveyed nothing to her, for the reason that the deed of W. A. Hudson to Rosaline Hudson, dated 7th March, 1894, was made in the name of W. A. Hudson instead of P. E. Linnel,

but I am satisfied, under the testimony, that this was clearly an attempt to execute the power to convey this land for P. E. Linnel. Even though made in Hudson's name, equity will aid the defective execution of a power as to form whenever it is in the interest of justice to do so. In the case of *Welch* v. *Husher,* 2 Hill Chan. Reports, one by power of attorney authorized sale and conveyance of a ship, and the attorney, through mistake or ignorance, executed the bill of sale in his own name instead of the principal's. The Court held that although the bill of sale could not operate as a conveyance at law, it was such an agreement as a Court of Equity would carry into effect. The same doctrine is laid down in 2 Pomeroy Equity, secs. 589-835, and *Williams* v. *Cudd,* 21 S. C., page 9. I do not decide that a conveyance made in the name of the attorney and not in the name of the person executing the power of attorney, would be a good legal conveyance; but as between the original parties, the equities being on the side of Mrs. Hudson, as I think they are under the testimony in this case, I do not think that P. E. Linnel, who at the time, I am satisfied under the testimony, was a trustee for her, should be allowed to claim as against his *cestui que trust,* that she was not really in equity the owner of this land; and that being true, I think that this Court, in the interest of justice, would aid the defective execution of said deed in justice to Rosaline Hudson, the defect being merely as to form. I think, further, that the subsequent deed, dated 22d day of November, 1898, in which W. A. Hudson, in executing the same, used the name of P. E. Linnel, was a valid execution of the power of attorney. It is strictly in accordance with the forms required by law, but the plaintiffs claim that this power of attorney was revoked by P. E. Linnel on the 29th day of November, 1898. The defendants answer this position by saying that the power of attorney was irrevocable, because it was coupled with an interest and a trust, and also made seven days after the conveyance on the 22d of November, 1898, was made. It is true, that ordinarily a power of attorney is revocable unless

it is coupled with an interest in the thing itself or connected with a trust arising therefrom. The plaintiff says that W. A. Hudson had no right to convey away this land without consideration; but being satisfied, as I am under the testimony, that the real consideration was furnished by Mrs. Rosaline Hudson, I cannot see how she should be required to pay consideration for that which really in equity belonged to her; and, therefore, I decide that the conveyances under and through which Rosaline Hudson claims the land by reason of the said power of attorney, have valuable consideration, and is also coupled with a resulting trust arising from the fact that she herself furnished the money to pay for this land, and P. E. Linnel simply took the legal title at the outside. In addition to this, the conveyance in the name of P. E. Linnel, by his attorney in fact, to Rosaline Hudson, was made before the attempt to revoke the power of attorney. It seems to me, and I, therefore, hold, that the legal title to the land in dispute is in Rosaline Hudson and those claiming under her, by reason of conveyances made to them by her. For authority supporting this proposition, see vol. I., 2d ed. A. & L., pages 1217-1219; *Norton* v. *Whitehead,* 18 Am. State Reports, page 172; *Johnson* v. *Johnson,* 27 S. C., page 309; *Reeves* v. *Tappan,* 21 S. C., page 1; *Dunbar* v. *Foreman,* 40 S. C., page 490.

"The second defense made by Mrs. Hudson and those claiming under her is, that she having furnished the money to pay for this land but the legal estate was conveyed to Linnel, he took the same as her trustee, and a resulting trust arose in her favor; and that she, and those claiming under her, are entitled to have this trust declared, which makes them the real owners of the property in dispute. I am satisfied from the testimony in the case that Mrs. Rosaline Hudson did furnish the $600 which paid for this land, and that the legal title was taken by P. E. Linnel. She swears that she furnished this money, and accounts for where it comes from with particularity; W. A. Hudson swears the same thing; and Frank Hammond, the grantor, swears that

his transaction was with Hudson, and that his recollection is that he himself paid the money to him, and produces a receipt which shows beyond question that the transaction was with W. A. Hudson, representing his wife and for her benefit. The plaintiff objects to this testimony, claiming that it is evidence seeking to establish an express and not a resulting trust. This position I overrule. The answers in the several cases expressly allege a resulting and not an express trust, and the testimony is directed to the point that she furnished the money and P. E. Linnel had the title made in his name; and I think under the testimony in this case that the defendants have brought themselves clearly within the rule stated in the case of *Rogers* v. *Rogers,* 52 S. C., page 388; thus, 'it is well settled in this State that the facts from which the Court would infer a resulting trust may be established by parol testimony, but it is also settled that such testimony to warrant such inference must be clear and convincing.' I, therefore, think this testimony is competent, and I think is sufficient to establish the resulting trust claimed by Mrs. Rosaline Hudson, and I so decide. In addition to the clear testimony in this case that Mrs. Rosaline Hudson did furnish the money which paid for this land, the plaintiff is met with the stubborn fact, according to his own evidence, that he, since the year 1881, has stood by, making no claim whatever to this land, or any interest therein, and nearly all that time has been absent from the city of Greenville and the State, allowing Mrs. Hudson to control the same, to receive the income therefrom, pay the taxes, and I think this lapse of time without any claim on his part is a strong corroboration of the testimony of the witnesses who testify that Mrs. Hudson did furnish the money, and that he had no real interest therein, and that Mrs. Rosaline Hudson is, and has been for all this time in equity, the real owner of this land. In the 15th vol., 2d ed. A. & E. Law, page 1137, I find this language, 'thus lapse of time, and, in connection therewith, continued acts on the part of the person paying the consideration recognizing the rights of the

grantee to the beneficial interest in the property conveyed, are always potent and frequently controlling circumstances to show an intention on the part of the former that the grantee should take the beneficial interest, and thereby defeat a resulting trust.' I think the converse of this proposition is equally true, and I cannot understand how the plaintiff in this case would let such length of time elapse without any assertion of right to this property, if he really furnished the $600 which paid for the same, and I cannot think that he did, and decide that he did not.

"It is, therefore, adjudged and decreed, that Mrs. Rosaline Hudson and those claiming under her are the real owners in fee of the land sought to be recovered from them by the plaintiff in these cases, and that plaintiff has no interest therein, and must fail in these cases. I would recommend a dismissal of the complaints in the several cases, were it not for the fact that Mr. R. L. R. Bentz has a mortgage over the land in question and is made a party to this case, and insists upon the right to foreclose his mortgage in this proceeding; and I think, under agreement of counsel at the reference before me, that he is entitled to this remedy, but that the cost of the cases up to this point should be adjudged against the plaintiff, and that no costs should be paid by the defendants except real cost of foreclosure. I find that the amount due on the mortgage indebtedness of the defendant, R. L. R. Bentz, calculated up to this date, is the sum of $603.48, and I recommend that the land in dispute be sold for the payment of this debt unless same is paid by the defendants in this case on or by the first day of November, 1900, and in the event of such payment that the plaintiff's complaint in the several cases be dismissed. Only the lands covered by the said mortgage should be sold in the event of foreclosure. I hold that said mortgage is valid against all parties to these actions, for the power of attorney executed by the plaintiff to W. A. Hudson authorized him to mortgage said land."

Within due time the plaintiff served the following exceptions to said report:

"1. Because the referee erred in not finding that the deed from W. A. Hudson, agent, to W. A. Hudson, bearing date the 10th day of April, 1883, and deed made by W. A. Hudson to Rosaline Hudson, dated 7th day of March, 1894, both being deeds to the land in dispute, was not recorded until the 9th of November, 1895, and that the plaintiff had no notice of these transactions until these two deeds were put on record.

"2. Because the referee erred in finding that the deed dated the 10th day of April, 1883, from W. A. Hudson, agent, to W. A. Hudson, was a valid deed, and conveyed the legal and equitable title of said land to the said W. A. Hudson, when he should have held said deed void; first, because it was the agent selling to the agent; second, because the said deed was signed by W. A. Hudson, agent, to W. A. Hudson, and not made in the name of the principal; third, because the deed had been altered and materially changed after having been signed and recorded.

"3. Because the referee erred in holding that P. E. Linnel was the trustee of the land for Rosaline Hudson, instead of he being the legal and equitable owner of same.

"4. Because the referee erred in holding that the deed from W. A. Hudson, attorney in fact for P. E. Linnel, to Rosaline Hudson, dated 22d of November, 1898, conveyed the legal and equitable title of said land, for said conveyance was without consideration, and the power of attorney under which the conveyance was made only authorized a sale for a valuable consideration, and for that reason the referee should have held said deed void.

"5. Because the referee erred in holding that the $600, the consideration of the deed, dated 19th January, 1881, from Frank Hammond to P. E. Linnel, was furnished and paid by Rosaline Hudson and not P. E. Linnel.

"6. Because the referee erred in holding that the testimony of Frank Hammond, W. A. Hudson and Rosaline

19—59

Hudson was competent, since that testimony goes to establish an express agreement and contract between the plaintiff and the defendant, Rosaline Hudson, in which it was understood and agreed that the legal title was to be made and was made to P. E. Linnel, and Rosaline Hudson was and did furnish the consideration, and that the said P. E. Linnel was to hold and does hold the said land as the trustee of said Rosaline Hudson, thereby establishing an express trust by parol testimony, which is incompetent.

"7. Because the referee erred in holding the testimony of Frank Hammond, W. A. Hudson and Rosaline Hudson competent, since it does establish the fact that this transaction between Frank Hammond, P. E. Linnel, W. A. Hudson and Rosaline Hudson, was consummated according to the express agreement and intention of the said parties, thereby attempting to establish an express trust in favor of Rosaline Hudson by parol testimony, which is incompetent for that purpose.

"8. Because the referee erred in holding that the answers of the defendants allege a resulting trust.

"9. Because the referee erred in holding that the testimony was sufficient, and did establish a resulting trust in said land in favor of Rosaline Hudson.

"10. Because the referee erred in holding that the conveyances under and through which Rosaline Hudson claims the land, has valuable consideration, and is coupled with a resulting trust in favor of the said Rosaline Hudson; and, therefore, she and those claiming under her have the legal and equitable title to the said land.

"11. Because the referee erred in holding that W. A. Hudson held such an interest in the said land, that the power of attorney given W. A. Hudson on the 26th of January, 1881, to mortgage, bargain, sell and dispose of said land, was irrevocable.

"12. Because the referee held that that said power of attorney was coupled with such an interest as to be irrevocable, and that it was not revoked by the deed of revocation

made by P. E. Linnel on the 29th of November, 1898, and recorded the 3d of December, same year, when he should have held that this power was not coupled with an interest, a mere naked power, that could be revoked at any time by P. E. Linnel, and was revoked by the plaintiff before any valid conveyance was made of the said land.

"13. Because the referee erred in not finding that W. A. Hudson and Rosaline Hudson had notice of the revocation of this power of attorney, before the void deed of the 22d of November, 1898, was made to Rosaline Hudson; therefore, said deed is void for that reason.

"14. Because the referee erred in not finding that P. E. Linnel, this plaintiff, paid the purchase money of this land, and that the legal and equitable title is yet in him, and that he is entitled to the possession of the said land.

"15. Because the referee erred in holding that the mortgage given to R. L. R. Bentz by W. A. Hudson is a valid lien on this land.

"16. Because the referee erred in holding that the power of attorney given W. A. Hudson by P. E. Linnel, gave the said W. A. Hudson the right to mortgage said land in his own name, when he should have held that W. A. Hudson could not, and did not, have the power and authority to mortgage the said land only in the name of his principal, P. E. Linnel, and that the said mortgage is not a valid lien on the land."

From order overruling these exceptions and confirming master's report, the plaintiff appeals.

*Messrs. Morgan & Blassingame,* for appellants, cite: *Express trust cannot be proved by parol:* 37 S. C., 317; 1 McC. Ch., 119; 1 Strob., 363; 52 S. C., 393; Rev. Stat., 2092, 2093. *Parol evidence is not admissible to prove an agreement to hold property in trust, conveyed by deed absolute unless deed was obtained by fraud:* 6 Rich. Eq., 347; *Kinsey v. Bennett,* 37 S. C.,      ; 52 S. C., 388. *Deed executed by*

*attorney in fact in own name does not bind principal:* 2 S.
C., 429; 19 S. C., 292.    *Agent cannot unite in his own per-*
*son characters of buyer and seller:* 4 DeS., 651; 152 U. S.,
673; 13 Ala., 681; 6 Pick., 198; 8 Conn., 145.    *Authority.*
*to sell land not coupled with an interest may be revoked at*
*any time before actual sale:* 141 U. S., 627; 60 Ga., 411.
*Even if agency is irrevocable or exclusive:* 10 Pain, 205; 63
Pa., 266; 27 S. C., 30; 40 S. C., 500.    *What is a power*
*coupled with interest:* 27 S. C., 30.

*Messrs. Carey & McCullough,* contra, cite: *Equity will*
*aid defective power:* 26 S. C., 218; 2 Hill Ch., 168.    *Power*
*of attorney by Linnel to Hudson was coupled with an inter-*
*est and irrevocable:* 18 Am. St. R., 172; 27 S. C., 309; 21
S. C., 1; 40 S. C., 490.    *Resulting trust arises from pur-*
*chase by one of land with money of another:* 52 S. C., 388;
169 U. S., 398.

February 25, 1901.    The opinion of the Court was de-
livered by

MR. CHIEF JUSTICE McIVER.    The plaintiff brought this
action against the defendant, Rosaline Hudson, to recover
possession of certain real estate, situate in the county of
Pickens, and at the same time, brought actions of a similar
character against the other four defendants, E. J. Evans,
B. E. Johnson, Sarah E. Monroe and M. B. Duncan, sepa-
rately, to recover the four portions of the original tract
claimed by the defendant, Rosaline Hudson, which had been
conveyed by her to the other four defendants.    By consent,
all of these actions were heard together, as they all de-
pended upon the question whether Rosaline Hudson had
good title to the original tract containing 1,173 acres, more
or less.    Subsequently the defendant, R. L. R. Bentz, was
by consent made a party defendant, with leave to set up a
mortgage which he claimed to hold on a portion of the origi-
nal tract of 1,173 acres.    By consent, an order was passed
referring the case to D. P. Verner, as special referee, "to

take the testimony and report the same, with his findings of fact and conclusions of law, together with any special matter, to this Court."

The referee took the testimony, which is set out in the "Case," and made his report, and upon exceptions thereto filed by the plaintiff, the case was heard by his Honor, Judge Buchanan, who rendered judgment overruling the exceptions and confirming the referee's report. From that judgment, plaintiff appeals upon the several grounds set out in the record.

The referee in his report states the facts so fully and clearly that we need not repeat them here, as that report, together with the exceptions thereto, should be incorporated by the Reporter in his report of the case; the exceptions to the judgment of the Circuit Judge being simply repetitions of the exceptions to the referee's report, need not be reported. The conceded fact is that the land in question, the 1,173 acre tract, originally belonged to one Frank Hammond, and the controlling question is, whether the title passed from him to the plaintiff, Linnel, or to the defendant, Rosaline Hudson. There is no doubt that *in form* the title passed to the plaintiff, for on the 19th of January, 1891, by his deed of that date, Hammond conveyed the land to the plaintiff. But it is contended by the defendant, Rosaline Hudson, that she paid the purchase money, and from that circumstance a trust resulted in her favor, although the title was in form taken in the name of the plaintiff. Next she contends that she acquired the legal title to the land by the deed of the 22d of November, 1898, executed to her by the plaintiff, through his attorney in fact, duly appointed for that purpose.

First, as to the resulting trust, if the fact be as claimed by the defendant, Rosaline Hudson, that she paid the purchase money when the land was conveyed by Hammond to Linnel, then it is clear under the authorities (2 Pom. Eq. Jur., sec. 1037; *Rogers* v. *Rogers*, 52 S. C., at page 392), that a trust resulted in favor of the de-

fendant, Rosaline Hudson. That such was the fact is found by the referee and concurred in by the Circuit Judge, and such finding is fully sustained by the testimony.

It is contended, however, by the appellant that the parol testimony offered was for the purpose of establishing an express and not a resulting trust; and that parol testimony is incompetent to establish an express trust. While it is true that an express trust cannot be proved by parol testimony, it is equally true, and in fact is very properly admitted in this case, that such testimony is competent to establish a resulting trust; and it seems to us that such was the sole purpose of the testimony adduced in this case; and so far as we can perceive, there was no testimony offered tending to show any express trust. The testimony is all set out in the "Case," and without undertaking to repeat it here, it is sufficient to say that, in substance, it was as follows: that the negotiations for the purchase of the land from Hammond were with W. A. Hudson, the husband of the defendant, Rosaline Hudson, who was acting as her agent—that pending these negotiations and prior to the consummation of the trade, Hudson paid to Hammond the sum of $20 out of his wife's money, in part payment of the land, and took a receipt therefor from Hammond to himself, as agent for his wife, as he testifies, which receipt, bearing date 16th of December, 1880, was offered in evidence; and when the trade was finally consummated, and the deed of the 19th of January, 1881, was executed to Linnel, the said W. A. Hudson, as agent of his wife, and with her money, paid the balance of the purchase money to Hammond. All this appears from the testimony of Hammond, W. A. Hudson, his wife, and a negro who was a subscribing witness to the power of attorney hereinafter referred to; and the only testimony in opposition to it is that of the plaintiff, who said he paid all of the purchase money to Hammond, although he admits that he did not have money enough to make such payment, and had to borrow five-sixths of the amount from one J. T. Nix, who, how-

ever, was not examined as a witness to corroborate his statement. This testimony, while quite pertinent to establish a resulting trust, did not tend to show an express trust. It is not surprising that both the referee and the Circuit Judge concluded that the preponderance of the evidence was in favor of the view that the defendant, Rosaline Hudson, had paid the purchase money for the land, although the title was made to the plaintiff. This was quite sufficient to establish a resulting trust in favor of the defendant, Rosaline Hudson, in the absence of any testimony whatever tending to show any intention on her part to make a gift to the plaintiff, and also of any testimony tending to show that there were any such relations between her and the plaintiff, from which the law would presume an intention to make a gift, such as that of parent and child or anything of the kind. The first position taken by the defendant, Rosaline Hudson, must, therefore, be sustained.

This would be conclusive of the case, and would supercede the necessity for considering the second position taken by this defendant; but as the question has been made and fully argued, we will not decline to consider it. The second position taken by this defendant is that she has acquired full legal title under the deed of 22d November, 1898, made to her by the plaintiff, through his attorney in fact, W. A. Hudson. It seems that on the 26th January, 1881, the plaintiff executed a full power of attorney to W. A. Hudson, authorizing him "to mortgage, bargain, sell and dispose of all or any part of the land in question, and in my name and stead to execute good and legal titles to the same or any part thereof," and also declaring the said power irrevocable. Passing by the papers executed on the 10th April, 1883, and 17th March, 1894, which are claimed by plaintiff to have been ineffectual attempts to vest the title to the land in question in the defendant, Rosaline Hudson, and even assuming for the purposes of this inquiry, that such attempts were ineffectual, there still remains the deed of the 22d of November, 1898, by which W. A. Hud-

son, as the attorney in fact of the plaintiff, did, in proper form, convey the said land to the defendant, Rosaline Hudson, which deed was duly recorded within the prescribed time in the proper office; and this we think was sufficient to vest the legal title in her. The plaintiff, however, makes two objections to this deed: 1st. Because it was without consideration, or rather based upon a mere nominal consideration—$5—and was, therefore, an unauthorized exercise of the power conferred by the letter of attorney from the plaintiff to W. A. Hudson, above referred to. 2d. Because the power of attorney was revoked by the plaintiff before the defendant, Rosaline Hudson, acquired title by the deed of the 22d of November, 1898. As to the first of these objections, while a deed executed by an attorney in fact, without consideration, or upon a merely nominal consideration, under a power to bargain, sell and dispose of land, may be invalid, yet if the fact be, as we have seen it is, that the defendant, Rosaline Hudson, paid the purchase money of the land in question, when the title was made to Linnel, the plaintiff, and thereby a trust resulted to her, then that fact is quite sufficient to afford a consideration for the deed of 22d November, 1898, and the plaintiff, in making that deed, through his attorney in fact, was doing no more than the Court of Equity would have required him to do. It is clear, therefore, that there is no foundation for the first objection.

The second objection has no foundation in fact; for the papers set out in the "Case" show on their face that the paper undertaking to revoke the power conferred on the attorney in fact was not executed until the 29th of November, 1898, seven days after the execution of the deed of the 22d of November, 1898, under which defendant claims, and there is no testimony tending to show any error in these dates. So that, passing by the fact that in the original power of attorney it was declared that the power was irrevocable, which may possibly have not been conclusive, it is manifest that the second objection is altogether untenable; for certainly it cannot be contended that a power can be

revoked after it has been exercised. It is clear, therefore, that the plaintiff has failed to make out his title to the land claimed in either of his actions.

Under this view it becomes unnecessary to consider the question raised as to the validity of the mortgage set up by the defendant, R. L. R. Bentz, for the plaintiff has no interest in nor has he any right to raise such question. The only person, so far as we can perceive, who has any interest to raise an objection to that mortgage is the defendant, Rosaline Hudson, and it stated in the "Case" that she makes no such question.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.